AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED
September 24, 2026
Nathan Ochsner, Clerk of Court

United States of America
v.
Adan Flores-Arias

Defendant(s)

Case No. **4:26-mj-618**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 26, 2023 in the county of Harris in the Southern District of Texas, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326 (a) and (b) | a native and citizen of Honduras, and an alien who had been previously deported from the United States, subsequent to having been convicted of a crime defined as a felony, was found unlawfully in the United States, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202 (3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☑ Continued on the attached sheet.

*Complainant's signature*

Adam Khalil, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: 09/24/2026

*Judge's signature*

City and state: Houston, Texas

Hon. Christina A. Bryan, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Adam Khalil, being duly sworn by telephone, hereby depose and say:

(1) I am currently serving as a Deportation Officer with Immigration and Customs Enforcement (ICE), a position I have held since April 15, 2018. I possess over eight years of experience in immigration law enforcement.

(2) On September 26, 2023, ICE was made aware of the unlawful presence of Adan Flores-Arias, hereinafter "Defendant," in the United States while he was in custody at the Harris County Jail in Harris County, TX, at which time a detainer was placed.

(3) On September 23, 2026, Defendant was transferred from the Texas Department of Criminal Justice to the custody of ICE at the Montgomery Processing Center in Conroe, TX.

(4) On September 23, 2026, ICE identified the Defendant as being amenable to prosecution for violation of 8 U.S.C. § 1326(a) and (b).

(5) The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously deported and convicted.

(6) Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b).

(7) Element One: The Defendant is a citizen and national of Honduras and not a native, citizen or national of the United States.

(8) Element Two: The Defendant has previously been deported or removed from the United States on the following occasion(s):

1. Removed 01/17/2018
2. Removed 02/25/2013

(9) Element Three: After deportation, the Defendant was subsequently found in the United States on or about September 26, 2023 in Harris County, Texas which is within the Houston Division of the Southern District of Texas. Additionally, I conducted a system query in the Alien

Criminal Response Information Management System (ACRIMEe), to determine whether, in the past five years and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in this paragraph. On September 23, 2026, ACRIMe returned negative results.

(10) Element Four: The Defendant did not have permission to re-enter the United States. On September 23, 2026, I reviewed the contents of the Alien File associated with this Defendant and/or available database information. I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States.

(11) Prior criminal history:

a. On May 2, 2024, the Defendant, was convicted in the 179th District Court, Harris County, Texas, for the offense of DEADLY CONDUCT DISCHARGE FIREARM under case number: 1837052. For this offense, a felony, the Defendant was sentenced to 3 years confinement.
b. On June 25, 2010, the Defendant, was convicted in the 177th District Court, Harris County, Texas, for the offense of AGGRAVATED ROBERY-DEADLY WEAPON under case number: 1246307. For this offense, a felony, the Defendant was sentenced to 6 years confinement.
c. On November 20, 2009, the Grand Jury declined to return an indictment against the Defendant for the charge of ENGAGING IN ORGANIZED CRIME- THEFT in the 263th District Court, Harris County, Texas, under case number: 1230188.

On September 23, 2026, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning this criminal complaint. On or about that day, Assistant U.S. Attorney Robin Whitney (832) 492-2493 accepted this case for prosecution for a violation of 8 U.S.C. § 1326(a) and (b).

Adam Khalil
Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Signed and sworn telephonically before me this 24th day of September 2026, and I find probable cause.

Hon. Christina A. Bryan
United States Magistrate Judge
Southern District of Texas